LAW OFFICE OF FABIAN LIMA
By: Fabian Lima, Esq.
1528 Walnut St., Suite 600
Philadelphia, PA 19102
Telephone: (215) 627-3350
Facsimile: (215) 967-1149
E-mail: flima3@comcast.net
Attorney for Plaintiff

**ORIGINAL**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HENRIK OSTERGAARD, | : |
| Plaintiff/Petitioner | : COMPLAINT FOR MANDAMUS |
| | : RELIEF & PETITION FOR |
| vs. | : NATURALIZATION PURSUANT TO |
| | : 8 U.S.C. § 1447(B) |
| D.H.S. Secretary Michael Chertoff, | : |
| U.S. Attorney General Alberto R. Gonzales, | : |
| Director of F.B.I. Robert Mueller, | : Case No. 07-264- |
| USCIS Director Emilio Gonzalez, | : |
| Philadelphia District Office Director | : |
| Donald Monica | : |
| Defendants/Respondents | : |

### I) INTRODUCTION

1. Plaintiff brings this mandamus action and Petition for Naturalization on his own behalf, as an applicant for naturalization. Plaintiff is currently a citizen of Denmark and is eligible for naturalization. Plaintiff has been a lawful permanent resident of the United States since August 27, 1992. (See Exhibit "A" for a true and accurate copy of his Permanent Resident Card.)

1

2. Plaintiff sought to become a citizen of this country by applying for naturalization, having met all statutory requirements, by filing an N-400 on September 03, 2003. (See Exhibit "B" for a true and accurate copy of the N-400 and Receipt Notice).

3. However, despite successfully undergoing his naturalization interview and clearing criminal background checks more than two years ago, Plaintiff has not received an adjudication from the U.S. Bureau of Citizenship and Immigration Services ("CIS") on the ground that a so-called "FBI name check" is still pending. (See Exhibit "C" for a true and accurate copy of his Naturalization Interview Results).

4. Defendants are officers of CIS and the Federal Bureau of Investigation ("FBI") and are responsible for the naturalization process, including the FBI name check, which CIS requires for naturalization despite the absence of any promulgated rule or regulation.

5. Plaintiff therefore seeks to be naturalized by this Court, as Congress has authorized through the Immigration and Nationality Act. See 8 U.S.C. § 1447(b) (district court may make a determination of a naturalization application if there has been no adjudication within 120 days of an initial examination – i.e., the applicant's naturalization interview. See U.S. v. Hovsepian, 359 F.3d 1144, 1151 (9th Cir. 2004) (en banc).

6. In failing to adjudicate Plaintiff's naturalization application, Defendant officers of CIS have violated CIS regulations requiring that such applications be adjudicated within 120 days of the initial examination. 8 C.F.R. § 335.

7. In addition, Defendant officers of both CIS and the Federal Bureau of Investigation ("FBI") have engaged in unreasonable and extraordinary delay in adjudicating Plaintiff's naturalization applications, in violation of the Administrative Procedures Act, 5 U.S.C. §§ 555, 706.

8. Defendants' stated rationale for its unreasonable delays – that the delays are required to complete "FBI name checks" are redundant as immigration regulations do provide for criminal records checks based on Plaintiff's fingerprints and biographical data. Plaintiff has passed those specific background checks.

9. Plaintiff has spent many years in the United States and has made this Nation his home. He seeks to pledge his allegiance to his adopted country and to participate fully in U.S. society.

10. As a result of the Defendants' failure to abide by the law, which is inconsistent with properly promulgated regulations and with the statutes passed by Congress, Plaintiff is unable to participate in civic society by voting and jury service.

11. Plaintiff is unable to expeditiously sponsor immediate relatives for lawful permanent residency.

12. Plaintiff is also unable to participate freely as a U.S. citizen in the Visa Waiver Program and to travel abroad and return to the United States without fear of exclusion.

## II) JURISDICTION

13. This Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1361, under mandamus actions to compel officers of the United States to perform his or her duties. Jurisdiction is also proper under 28 U.S.C. § 1331, as this is a federal question.

14. This Court has jurisdiction over Plaintiff's Petition for Naturalization pursuant to 8 U.S.C. § 1447 (b).

### III) VENUE

15. 28 U.S.C. § 1391(e), as amended, provides that in a civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his or her official capacity, or under color of legal authority, or an agency of the United States, the action may be brought in any judicial district in which a defendant in the action resides. Venue is proper in this District pursuant to 8 U.S.C. § 1447(b), which provides that a petition for de novo review of a naturalization application shall be filed in the district in which the applicant resides. Plaintiff, Henrik Ostergaard, is a resident of the State of Delaware and within the jurisdiction of the U.S. District Court of Delaware. Defendant United States Citizenship and Immigration Services (U.S.C.I.S.) is an agency which operates within this district.

### IV) PLAINTIFF

16. Plaintiff, Henrik Ostergaard, is an applicant for naturalization, residing at 216 Duncan Ave., Wilmington, DE 19803. Ostergaard is a citizen of Denmark and has been a lawful US permanent resident since August 27, 1992. (See Exhibit "A" for a true and accurate copy of his Permanent Resident Card).

## V) DEFENDANTS

17. Defendants are all United States government entities, or their directors, in their official capacities.

18. Defendant, Michael Chertoff, is the Secretary of the United States Department of Homeland Security (D.H.S.) and is sued in his official capacity only. Defendant Chertoff is charged with the administration of the United States Citizenship and Immigration Service (U.S.C.I.S.) and implementation of the Immigration and Nationality Act., 8 U.S.C. §§ 1001, et seq.

19. Defendant, Alberto R. Gonzales, is the Attorney General of the United States and is sued in his official capacity only. Defendant Gonzales is charged with the administration of the Department of Justice, including the Federal Bureau of Investigation. The Immigration and Nationality Act confers on the Attorney General the sole authority to grant permanent residence status to immigrants.

20. Defendant, Robert S. Mueller, is the Director of the Federal Bureau of Investigation (F.B.I.) and is sued in his official capacity only. Defendant Mueller is charged with the administration of the F.B.I, the agency that conducts "background checks" of applicants for adjustment of status.

21. Defendant, Emilio Gonzalez, is the Director of the United States Citizenship and Immigration Service and is sued in his official capacity only. Defendant Gonzalez is charged with the direction of the United States Citizenship and Immigration Service, a bureau within the Department of Homeland Security, and implementation of the Immigration and Nationality Act, 8 U.S.C. §§ 1001, et seq.

22. Defendant, Donald Monica, is the Head Officer of the Philadelphia District Office of the United States Citizenship and Immigration Service and is sued in his official capacity only. Defendant Monica is charged with the direction of the Philadelphia District Office of the United States Citizenship and Immigration Service and implementation of the Immigration and Nationality Act, 8 U.S.C. §§ 1001, et seq. Residents of Delaware have their Applications for Naturalization adjudicated at the Philadelphia District Office.

## VI) LEGAL FRAMEWORK

23. Federal immigration law allows persons who have been residing in the United States as lawful permanent residents to become United States citizens through a process known as naturalization.

24. A person seeking to naturalize must meet certain requirements, including an understanding of the English language and history and civics of the United States; a sufficient period of physical presence in the United States; and good moral character. 8 U.S.C. § 1423, 1427(a).

25. Persons seeking to naturalize must submit an application for naturalization to CIS. 8 U.S.C. § 1445. CIS is the agency that is responsible for adjudicating naturalization applications. 8 C.F.R. § 100.2.

26. Once an application is submitted, CIS conducts a background investigation of each naturalization applicant. 8 U.S.C. § 1446(a); 8 C.F.R. § 335.1.

27. According to CIS regulations, the background investigation includes a full criminal background check performed by the FBI. 8 C.F.R. § 335.2. After the background investigation is completed, CIS schedules a naturalization examination, at which an

applicant meets with a CIS examiner who is authorized to ask questions and take testimony. The CIS examiner must determine whether to grant or deny the naturalization application. 8 U.S.C. § 1446(d).

28. CIS must grant a naturalization application if the applicant has complied with all requirements for naturalization. 8 C.F.R. § 335.3. Naturalization is not a discretionary benefit, but a right upon satisfaction of statutory requirements.

29. CIS must grant or deny a naturalization application at the time of the examination or, at the latest, within 120 days after the date of the examination. 8 C.F.R. § 335.3. Once an application is granted, the applicant is sworn in as a United States citizen.

30. In general, Congress has provided that applications for immigration benefits should be adjudicated within 180 days of the initial filing of the application. 8 U.S.C. § 1571.

31. Plaintiff is informed and believes that in 2002, CIS added – without promulgating any regulation – a new type of background check to the naturalization process, known as a "name check." A "name check" is a check of FBI records based on the full name of the applicant. The FBI conducts the "name check" through manual and electronic searches of the FBI's centralized records. CIS requests the FBI to conduct "name checks" on all applications for naturalization.

32. Plaintiff is informed and believes that the FBI name check requirement is implemented in such a manner that it is highly likely that an applicant may be identified erroneously as a person "of interest" to the FBI, thereby delaying adjudication of the naturalization application, even though the applicant has committed no crimes and is not a suspect. For example, the name check may identify a different person with a name similar to the

applicant's, or result in a "hit" when the applicant has been an innocent witness or victim of a crime.

## VII) INDIVIDUAL ACTION ALLEGATIONS

33. Plaintiff brings this action on his own behalf, as applicant for naturalization. Plaintiff is currently a citizen of Denmark and is statutorily eligible for naturalization as he has been a permanent resident for more than five years. Plaintiff's application has been pending for almost four years as his name check has not been completed by the F.B.I. But for this delay in processing the background checks, Plaintiff would have already received a decision on his application.

## VIII) FACTUAL ALLEGATIONS

34. To date, Plaintiff's N-400 Application for naturalization has been pending for over three years. (See Exhibit B).

35. On information and belief, as a result of a post 9-11 mandate from the US Attorney General, the U.S.C.I.S. initiated enhanced security checks for all naturalization applications on or about December 2002. As more fully alleged below, as a result of the Attorney General's actions, as well as the actions of the other named Defendants, tens of thousands of applications for naturalization have become hopelessly backlogged and mired in repetitive and inaccurate "name checks" that bear no rational relationship to legitimate national security measures.

36. On information and belief, under the new mandate, the F.B.I. re-submitted 2.3 to 2.7 million names through the Interagency Border Inspection System (IBIS)—names which had been previously cleared in a FBI name review.

37. On information and belief, the main database used by U.S.C.I.S. to track immigrants is the Central Index System, which collects, maintains, and distributes biographical information on all known non-United States citizens present in the United States.

38. On information and belief, all applicants for naturalization are checked in the Central Index System before their applications may be approved.

39. On information and belief, even after concluding that an alien who has applied for naturalization is eligible for naturalization, the U.S.C.I.S. will not schedule the applicant until the applicant has been cleared through the IBIS system and an F.B.I. name check.

40. On information and belief, the IBIS represents the primary resource for apprehending criminal aliens. It resides on the Treasury Enforcement Communications System, provides law enforcement agencies access to the F.B.I.'s National Crime Information Center, and permits users to interface with all fifty states via the National Law Enforcement Telecommunications System. In addition to the F.B.I. and U.S.C.I.S., about 20 other federal agencies use the IBIS.

41. On information and belief, the IBIS includes the combined databases of the United States Customs, U.S.C.I.S., the State Department, and 21 other federal agencies, including the F.B.I.'s National Crime Information Center (NCIC) and fifty states via the national Law Enforcement Communications System. Other databases that feed into the IBIS include the U.S.C.I.S.'s Central Index System, the Computerized Applicant Information System which contains information about visa applicants seeking to change status, the Student

9

Exchange Visitor Information System which houses information about non-immigrant students, the Non-Immigrant Lookout System which tracks enforcement actions taken against individuals by the Department of Justice or Homeland Security, the Consular Lookout and Support System used by the State Department to house information about people who have violated the terms of their visas, and the Consolidated Consular database, which integrates the State Department information used by foreign visa officers.

42. On information and belief, through the IBIS, law enforcement officers can submit a person's name and date of birth (or alien registration number) for any criminal history or wanted notifications.

43. On information and belief, IBIS is supplemented by the Department of Homeland Security's Automated Biometric Fingerprint Identification System (IDENT) system that uses fingerprints to identify aliens and is routinely used by U.S. immigration and border agents and inspectors. The IDENT system can provide information on non-citizens within a few minutes. It can be used, for example, to ensure that non-citizens entering the US are the same persons to whom the visas were issued. The fingerprints of applicants for adjustment of status to permanent residence are submitted to IDENT in order to verify identity and criminal history.

44. On information and belief, the F.B.I.'s NCIC system, which integrates with IBIS, is a national index of theft reports, warrants, and other criminal justice information submitted by law enforcement agencies across the country. The NCIC returns "hits" not just on matching names and dates of birth, but also on phonetically similar names and derivatives of names. As a result, names submitted to NCIC for checks often return "hits"

concerning criminal convictions, warrants, etc. that are entirely unrelated to the person whose criminal background is being checked.

45. On information and belief, the F.B.I. uses its National Name Check Program (NNCP) to check the names and backgrounds of applicants for adjustment of status. The NNCP disseminates information from the F.B.I.'s Central Records System. The Central Records System contains all of the F.B.I.'s investigative files.

46. On information and belief, the F.B.I. has experienced an exponential growth in the requests for name checks since September 11, 2001, to more than 3 million for the year of 2005.

47. On information and belief, when a name check is received by the F.B.I., the name is first electronically checked by the NNCP of the agency's Records Management Division. Names are first checked against a F.B.I. Universal Indices (UNI) database. The search seeks all instances of the name and a close date of birth. Names are checked whether they involve the subject of an F.B.I. investigation (called a "file name"), or simply a name that appears in any investigative file (a "reference name"). According to the F.B.I., a reference name may be for a witness, an associate of the subject of investigation, or may appear for "a myriad of other reasons" in an F.B.I. file. (See The Visa Approval Backlog and Its Impact on American Business, June 4, 2004, prepared remarks by Robert J. Garrity, Assistant Director, F.B.I., before the House Committee on Small Business.[1]).

48. On information and belief, names are searched in the UNI using a multitude of combinations, as well as searching for phonetic spelling variations. Thus it is inevitable

---

[1] Available at http://www.ilw.com/immigdaily/News/2003,1219-garrity.shtm

11

that a significant number of names submitted for F.B.I. name checks result in multiple "hits."

49. On information and belief, after a "hit" is received, a manual search by an F.B.I. employee begins of the files or indices entry related to the "hit." The records relating to the "hit" are retrieved and reviewed. If the records were uploaded into the F.B.I. Automated Case Support System (ACS), the file can be retrieved rapidly. If not, the paper files must be retrieved from one of more than 265 locations around the country where the F.B.I. maintains files. If a review of the files indicates that the individual whose name has been submitted for a check is not the same person identified in the F.B.I. file, the request is completed as a "No Record".

50. On information and belief, F.B.I. checks can be completed within several days. For example, the United States Consulate in Thailand's internet home page stated that "an F.B.I. name check... can take anywhere from 7-14 days" in relation to the issuance of visas for immigrants coming to the United States. Yet, F.B.I. name checks for applicants for naturalization within the United States can take more than three years to complete as in the Plaintiff's case.

51. On the Department of State Website, it estimates that for non-immigrant visas, processing of "special clearance" issues are usually resolved in 30 days.[2]

52. On information and belief, the F.B.I. estimates that about 90% of name checks are completed within 30 days. However, the name check process in this application for naturalization has taken almost four years.

---

[2] Available at http://travel.state.gov/visa/temp/wait/tempvisitors_wait.php

53. Plaintiff has made numerous inquiries to the U.S.C.I.S. to learn of the status of his naturalization application. These inquiries have been answered with the statement that the "Your case is pending final background checks, which are processed outside of this office. These final checks can delay your case for an undetermined amount of time. Written notification will be sent to you within 30 days after all processing is complete." (See Exhibit "D" for a true and accurate copy of a response to his inquiry).

54. Plaintiff avers that the F.B.I. has a non-discretionary duty to adjudicate his name check inquiry in a reasonably timely manner.

55. Plaintiff avers that the Department of Homeland Security has a non-discretionary duty to adjudicate his name check inquiry and naturalization application in a reasonably timely manner.

56. Plaintiff avers that the U.S.C.I.S. has a non-discretionary duty to adjudicate his name check inquiry and naturalization application in a reasonably timely manner.

57. Plaintiff has a clear right to an adjudication of his application for naturalization in a reasonably timely manner.

58. Plaintiff cannot obtain naturalization through any other agency or procedure than the one they have been in for the past four years, except for this Court.

59. Plaintiff's only remedies to his predicament are either through the adjudication by the named Defendants of his pending application, or for this Court to adjudicate the instant Petition.

60. Plaintiff's application was filed almost four years ago and remains pending today. This delay in processing Plaintiff's application is manifestly unreasonable and in violation of 8 U.S.C. § 1447(b).

## IX) CAUSES OF ACTION

### COUNT ONE: RIGHT TO DE NOVO JUDICIAL DETERMINATION OF APPLICATION FOR NATURALIZATION PURSUANT TO 8 U.S.C. § 1447(B)

61. The allegations contained in paragraphs 1 through 60 above are repeated and incorporated as though fully set forth herein.

62. Because Defendants have failed to adjudicate Plaintiff's naturalization application within 120 days after the date of his naturalization examination, Plaintiff is entitled to a de novo adjudication of his naturalization application by this Court under 8 U.S.C. § 1447(b).

63. This Court should grant Plaintiff's naturalization application pursuant to 8 U.S.C. § 1447(b), because Plaintiff meets all of the requirements for naturalization under Chapter 2 of the Immigration and Nationality Act, 8 U.S.C. § 1421 et seq., and therefore has a right to become a naturalized citizen of the United States.

## COUNT TWO: UNREASONABLE DELAY

## IN VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT

The allegations contained in paragraphs 1 through 63 above are repeated and incorporated as though fully set forth herein.

64. The Administrative Procedure Act requires administrative agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. § 555.

65. This Court reviewing agency action may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

66. This Court also may hold unlawful and set aside agency action that, *inter alia*, is found to be: "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A); "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," 5 U.S.C. § 706(2)(C); or "without observance of procedure required by law," 5 U.S.C. § 706(2)(D). "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. §551(13).

67. The failure of Defendants Donald Monica, Emilio Gonzalez, and Michael Chertoff to adjudicate the application for naturalization of the proposed plaintiff within 120 days of the date of his successfully completed naturalization examination on the basis of "name checks," in violation of 8 U.S.C. § 1446(d) and 8 C.F.R. § 335, violates the

Administrative Procedure Act, 5 U.S.C. § 555(b); 5 U.S.C. §§ 706(1), 706(2)(A), 706(2)(C), 706(2)(D).

68. The failure of Defendants Alberto Gonzales and Robert Mueller to timely complete "name checks," with the full knowledge that CIS requires the completion of such "name checks" for adjudication of Plaintiff's application for naturalization violates the Administrative Procedure Act, 5 U.S.C. § 555(b); 5 U.S.C. §§ 706(1), 706(2)(A), 706(2)(C), 706(2)(D).

69. Defendants' failure to set deadlines for completing "name checks," to track the number and status of naturalization cases awaiting final adjudication solely on the basis of FBI name checks, to track the number and status of naturalization cases awaiting final adjudication for more than 120 days after the naturalization examinations, and to take all the other reasonable steps necessary to complete the adjudication of Plaintiff's application for naturalization, in violation of 8 U.S.C. § 1446(d) and 8 C.F.R. § 335, violates the Administrative Procedure Act, 5 U.S.C. § 555(b); 5 U.S.C. §§ 706(1), 706(2)(A), 706(2)(C), 706(2)(D).

70. As a result of Defendants' actions, Plaintiff has suffered and continues to suffer injury.

## X) CLAIM FOR RELIEF

Defendants have willfully, negligently, and unreasonably delayed and refused to adjudicate Plaintiff's naturalization application. Plaintiff is being prejudiced by Defendants' clear breach of their non-discretionary ministerial duty to adjudicate naturalization applications within 120 days of an applicant's successful naturalization examination/interview.

WHEREFORE, Plaintiff requests that this Honorable Court grant the following relief:

(1) Assume jurisdiction of this cause.

(2) Enter an order that this cause be maintained as an individual action.

(3) Declare that Defendants' failure to adjudicate Plaintiff's applications after almost four years is manifestly unreasonable.

(4) Compel Defendant F.B.I. to complete the name check process within thirty (30) days.

(5) Compel Defendant U.S.C.I.S. to adjudicate Plaintiff's N-400 application within thirty (30) days of the F.B.I.'s completion of the name check.

(6) Grant any other relief that this Court deems necessary and proper under the circumstances; and

(7) Grant attorney's fees and the costs of bringing this action before this Court pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

Respectfully Submitted,

__s/Fabian Lima__          05/11/2007
Fabian Lima,                Date
Attorney for Plaintiff
Henrik Ostergaard

CERTIFICATE OF SERVICE

On May ____. 2007, I, Fabian Lima, counsel for Henrik Ostergaard served the within Mandamus Action and Petition for Naturalization, Docket # _____, on each person/entity listed below at the following addresses:

BY CERTIFIED US MAIL:

Office of the General Counsel
U.S. Department of Homeland Security
Washington DC 20528

Attorney General Alberto Gonzales
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

Colm F. Connolly, U.S. Attorney
Nemours Building, P.O. Box 2046
Wilmington, DE 19899-2046

Federal Bureau of Investigations
Director Robert Mueller
J. Edgar Hoover Building
935 Pennsylvania Avenue, NW
Washington, D.C. 20535

United States Citizenship and Immigration Service
Philadelphia District Office
Attn: Donald Monica
1600 Callowhill St.
Philadelphia, PA 19130

I declare under penalty of perjury that the foregoing is true and correct. Executed on May ___, 2007, in Philadelphia, PA.

_____
Fabian Lima,
Attorney for Plaintiff
Henrik Ostergaard

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

07-264

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Henrik Ostergaard

**DEFENDANTS**
Donald Monica, Michael Chertoff, Alberto Gonzales, Robert Mueller, Emilio Gonzalez

(b) County of Residence of First Listed Plaintiff: New Castle
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Philadelphia
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Law Office of Fabian Lima, 1528 Walnut St. Ste. 600, Philadelphia, PA 19102

Attorneys (If Known)
unknown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
8 U.S.C. sec. 1447(b)

Brief description of cause:
Petition for Naturalization

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: 05/15/2007

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE